**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-6387**

SEAN K. HEYWARD,

Petitioner - Appellant,

v.

HAROLD W. CLARKE,

Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. John A. Gibney, Jr., Senior District Judge. (3:20-cv-00577-JAG-EWH)

Submitted: July 21, 2022                     Decided: July 26, 2022

Before MOTZ, HARRIS, and RUSHING, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Sean K. Heyward, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sean K. Heyward seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2254 petition. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on June 2, 2021. Heyward filed the notice of appeal on March 31, 2022.[1] Because Heyward failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.[2]

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[1] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date Heyward could have delivered the notice to prison officials for mailing to the district court. *See* Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

[2] Heyward's notice of appeal arguably sought a reopening of the appeal period. But the time for seeking reopening had already expired, *see* 28 U.S.C. § 2107(c); Fed. R. App. P. 4(a)(6)(B), and the district court could not enlarge the reopening period, *see Bowles*, 551 U.S. at 213-14.